1
2
3
4
**UNITED STATES DISTRICT COURT**
5
**DISTRICT OF NEVADA**
6
\* \* \*
7
MICHAEL HARKEY,                                  Case No. 2:14-cv-00177-RFB-GWF
8
                              Plaintiff,
9                                                          **ORDER**
        v.
10                                               Verified Petitions to Practice *Pro Hac Vice*
U.S. BANK, N.A., *et al*.,                       (ECF Nos. 64, 65, 127, 128, 129, 130, 137,
11                                                                      138)
                              Defendants.
12                                               Motion for Leave to File Surreply (ECF No.
                                                                        83)
13
                                                 Motions to Strike (ECF Nos. 117, 123)
14

15      **I.      INTRODUCTION**

16              This matter is before the Court on a series of motions that appear to relate to a dispute

17      over a stipulation for extension of time that was filed and withdrawn in this case in July 2014.

18      See ECF Nos. 56, 60. On August 1, 2014, counsel for Defendants Black Knight Financial

19      Services, LLC ("BKFS") and Fidelity National Financial Inc. ("FNF") (collectively,

20      "Petitioners") filed Verified Petitions for Permission to Practice *Pro Hac Vice* in this case. See

21      Verified Petitions, ECF Nos. 64, 65. Plaintiff filed a response to both petitions, asking this Court

22      to inquire as to whether Petitioners "are prepared to comply with the Rules of this Court and the

23      Nevada Rules of Professional Conduct in these proceedings." Resp. Verified Petitions at 5, ECF

24      No. 70. Plaintiff alleges that Petitioners filed a stipulation for extension of time and affixed

25      Plaintiff's counsel's electronic signature to it without Plaintiff's counsel's consent. Petitioners

26      dispute this claim and argue that Plaintiff's counsel gave his express consent and only attempted

27      to claim that no such consent was given after the stipulation was filed.

28      / / /

This dispute has led to a cascade of filings as to whether Petitioners should be permitted to appear in this case and whether their filings should be stricken. In addition to opposing the eight *pro hac vice* petitions filed by Petitioners, Plaintiff has also filed a Motion to File Surreply (ECF No. 83) and a Motion to Strike (ECF No. 117, as amended by ECF No. 123) which seeks to strike all filings made by Defendants BKFS and FNF and requests an order to show cause why Petitioners should not be held in contempt, sanctioned and disciplined for violations of the Local Rules of this Court and of the Nevada Rules of Professional Conduct.

## II.    DISCUSSION

The Court has reviewed the parties' submissions relating to the incident which Plaintiff claims raises concerns as to Petitioners' ability to comply with the rules of this Court and with the rules of professional conduct. The Court finds that it need not make a factual determination as to whether Plaintiff's counsel consented to the stipulation because Petitioners quickly rectified the situation. The Court is satisfied that Petitioners are willing and able to uphold their obligation to comply with Court rules and standards of professional conduct. These conclusions inform the Court's rulings on the motions as set forth below.

### A.  Plaintiff's Motion for Leave to File Surreply

The Court denies Plaintiff's motion to file a surreply. Nothing in the Local Rules authorizes surreplies. See LR 7-2(a)–(c). Surreplies are highly disfavored and courts in this district routinely interpret Local Rule 7-2 to allow filing of surreplies only by leave of court and only to address new matters raised in a reply to which a party would otherwise be unable to respond. See, e.g., FNBN-RESCON I LLC v. Ritter, 2014 WL 979930 at *6 (D. Nev. Mar. 12, 2014); Lasko v. Am. Bd. of Surgery, 2014 WL 300930 at *1 (D. Nev. Jan. 27, 2014).

Here, Plaintiff seeks to file a surreply to respond to material contained within Petitioner's reply brief that is directed at past ethical violations and sanctions incurred by counsel for Plaintiff and his colleague. Petitioners' filings related to these violations and sanctions are irrelevant to the issue of whether Petitioners should be permitted to practice *pro hac vice* in this

/ / /

1    case. Thus, the Court declines to consider any materials pertaining to the past conduct of counsel

2    for Plaintiff submitted by either party and will not permit a surreply directed at that past conduct.

3        Plaintiff's motion also requests an evidentiary hearing to prove that Petitioners

4    misrepresented that Wendy Alison Nora, whom counsel for plaintiff states is working as a

5    "research assistant, investigator and paralegal in the instant case," was "vitriolic" during

6    discussions with Petitioners and that she is acting as lead counsel in this case. Mot. Surreply at 4-

7    5, ECF No. 83. District courts have discretion over whether to hold an evidentiary hearing, but

8    they "should not do so if the certification, the pleadings, the affidavits, and any supporting

9    documentary evidence do not reveal an issue of material fact." Kashin v. Kent, 457 F.3d 1033,

10   1043 (9th Cir. 2006) (citation omitted) (internal quotation marks omitted).

11       Plaintiff's request for an evidentiary hearing is denied. The Court does not deem the

12   issues of whether Ms. Nora was in fact acting "vitriolic" or whether she is in fact acting as lead

13   counsel to be material. These facts have no bearing on whether Petitioners should be admitted to

14   practice in this case. As stated above, the Court has found that Petitioners have acted

15   satisfactorily by quickly remedying any defects that may have existed in the stipulation for

16   extension of time that they filed. An evidentiary hearing on issues tangential to this case would

17   be unnecessary.

18       **B.  Plaintiff's Motion to Strike**

19       Plaintiff's motion to strike, which was amended to correct typographical errors, asks that

20   filings made by BKFS and FNF be stricken. Plaintiff states that Petitioners have been practicing

21   law in this case by soliciting clients for representation and drafting documents that are filed by

22   BKFS and FNF's local counsel, and that these "violations" justify striking filings made by these

23   defendants. Plaintiff also asks for an order to show cause why Petitioners should not be

24   sanctioned and held in contempt.

25       "The court may strike from a pleading an insufficient defense or any redundant,

26   immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, district courts have

27   inherent power to control their own dockets, including the power "to determine what appears in

28   the court's records" and to strike items from the docket to address conduct that is improper but

1    does not warrant dismissal. <u>Ready Transp., Inc. v. AAR Mfg., Inc.</u>, 627 F.3d 402, 404-05 (9th

2    Cir. 2010).

3          Plaintiff's motion to strike is granted only with respect to BKFS and FNF's reply brief

4    and the supporting declaration of James E. Heffner. ECF Nos. 76, 78. Significant portions of

5    these filings seek to undermine Plaintiff's counsel's credibility by introducing evidence of their

6    past ethical violations and misconduct. <u>See</u> Reply at 1:25-28, 2:1-15, ECF No. 76; Decl. of

7    James E. Heffner Ex. C, D, E, F, G, H, I, J, K, L, ECF No. 78. These portions of BKFS and

8    FNF's filings have no bearing on whether Petitioners are qualified to practice *pro hac vice* or on

9    the validity of Plaintiff's legal claims, and their only purpose in this action is to cast Plaintiff's

10   counsel in a negative light. Accordingly, the Court exercises its inherent power to strike these

11   items from the docket, but orders that they be refiled without the portions directed toward

12   Plaintiff's counsel's past conduct. Petitioners are admonished not to present such evidence in any

13   future filing in this case.

14         The remainder of Plaintiff's motion to strike is denied. Nothing in the Local Rules

15   precludes attorneys whose *pro hac vice* petitions are pending from representing clients and

16   participating in the drafting of pleadings, and Plaintiff has provided no legal authority supporting

17   such a claim. The Court also denies Plaintiff's request for an order to show cause. Plaintiff has

18   not demonstrated that Petitioners have violated any order of this Court.

19         **C.  Verified Petitions for Permission to Practice *Pro Hac Vice***

20         The Court has reviewed the eight *pro hac vice* petitions submitted by Petitioners Michael

21   J. Gleason and James E. Heffner (ECF Nos. 64, 65, 127, 128, 129, 130, 137, 138). Petitioners

22   have complied with the Local Rules of Civil Practice for the District of Nevada, and the Court

23   grants their Verified Petitions.

24   / / /

25   / / /

26   / / /

27

28

### III.    CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Verified Petitions for Permission to Practice *Pro Hac Vice* of Michael J. Gleason and James E. Heffner (ECF Nos. 64, 65, 127, 128, 129, 130, 137, 138) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Surreply and accompanying request for evidentiary hearing (ECF No. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 117) and Amended Motion to Strike (ECF No. 123) is **GRANTED** in part and **DENIED** in part, and the accompanying request for an order to show cause is **DENIED**. The Clerk is directed to strike Defendants' Reply in Support of the Verified Petitions to Practice *Pro Hac Vice* of Michael J. Gleason and James E. Heffner (ECF No. 76) and the Declaration of James E. Heffner in Support of Defendants' Reply (ECF No. 78).

**IT IS FURTHER ORDERED** that within **five (5) days** of the date this Order is entered, Defendants Black Knight Financial Services, LLC and Fidelity National Financial Inc. shall refile their Reply in Support of the Verified Petitions to Practice *Pro Hac Vice* (ECF No. 76), removing the allegations currently contained in lines 25-28 of page 1 and lines 1-15 of page 2. Defendants shall also refile the Declaration of James E. Heffner in Support of Defendants' Reply (ECF No. 78), removing the documents currently attached as Exhibits C, D, E, F, G, H, I, J, K, and L.

**DATED** this 21st day of January, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**