UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL HARKEY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. BANK, N.A., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-00177-RFB-GWF<br><br>**<u>ORDER</u>** |

This matter is before the Court on the motion of attorney Mitchell Posin to withdraw as counsel and to stay the proceedings until Plaintiff Michael Harkey is able to retain new counsel, filed on February 9, 2015. ECF No. 202.

Plaintiff filed the original complaint in this action on February 3, 2014, and filed an amended complaint on March 17, 2014. ECF Nos. 1, 8. The Court held a hearing on January 23, 2015 at which it resolved numerous pending motions, including Plaintiff's motion for leave to file a second amended complaint. Minutes of Proceedings, ECF No. 199. At the hearing, the Court ordered that the second amended complaint was deemed filed as of January 23, 2015 and stayed the commencement of discovery until ten days after the Court's ruling on any motions to dismiss that would be filed by Defendants in response to the second amended complaint. <u>Id.</u> Posin then filed the currently pending motion to withdraw as counsel.

In his motion, Posin stated that a conflict of interest had arisen between him and his client and that he was obligated by the Nevada Rules of Professional Conduct to withdraw from representation. Mot. Withdraw at 2, ECF No. 202. On February 13, 2015, the Court issued a minute order deferring ruling on the motion to withdraw as counsel and directing Posin to file a certification with the Court stating that notice had been served on his client consistent with Local

Rule IA 10-6(b).[1] ECF No. 220. In its minute order, the Court also stayed Defendants' deadline to respond to the second amended complaint and stated that it would issue another order clarifying the briefing schedule once it had ruled on the motion to withdraw. Id. Attorney Posin complied with the order to file a certification by doing so on March 16, 2015. ECF No. 229.

The Court has reviewed Posin's motion and certification and is satisfied that he has complied with the notice requirement set out in the Local Rules of Practice for this district. Based upon Posin's representation that a concurrent conflict of interest with Plaintiff has arisen that he does not believe is amenable to waiver, the Court finds good cause to allow Mitchell Posin to withdraw as counsel for Plaintiff in this case. LR IA 10-6(b); NRPC 1.7. Further, although permitting withdrawal will result in some delay in this case (as Plaintiff will require time to retain new counsel), Posin has requested relief in accordance with Local Rule IA 10-6(e). Therefore, the Court permits Mitchell Posin to withdraw as attorney of record in this case and will alter the briefing schedule accordingly.[2]

For the reasons stated above,

**IT IS ORDERED** that the Motion of Attorney Mitchell Posin to Withdraw and to Stay Proceedings (ECF No. 202) is GRANTED.

**IT IS FURTHER ORDERED** that this case is STAYED until further order of this Court to enable Plaintiff Michael Harkey to attempt to retain new counsel.

**IT IS FURTHER ORDERED** that Plaintiff Michael Harkey shall file a status report by May 1, 2015 indicating whether he has retained new counsel or intends to proceed *pro se*.

**IT IS FURTHER ORDERED** that if Plaintiff seeks leave to file a third amended complaint, he shall also do so by May 1, 2015.

---

[1] LR IA 10-6(b) states that "[n]o attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel."

[2] Notably, Defendant Michelle Nguyen has filed a conditional opposition to the motion to withdraw in which she states that she objects to withdrawal "only to the extent that withdrawal would deprive this court of future Rule 11 jurisdiction." Defendant Nguyen requests that the Court issue an order stating that it maintains jurisdiction over Posin for Rule 11 purposes. This order is not necessary. See Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005).

1    **IT IS FURTHER ORDERED** that, in accordance with the Chambers Practices of this
2    Court,[3] Defendants Black Knight Financial Services, LLC and Fidelity National Financial Inc.'s
3    Motion to Dismiss (ECF No. 217), Defendants Earl Beutler and Eve Beutler's Motion to Dismiss
4    (ECF No. 218), and Defendants Christina Allen and Shoua Moua's Motion to Dismiss (ECF No.
5    219) are DENIED WITHOUT PREJUDICE. When the stay is lifted, these Defendants may
6    request reinstatement of these motions.

8    DATED this 26th day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**

---

[3] Available at http://www.nvd.uscourts.gov/files/rfb_Chambers_Practices.pdf.