Michael Harkey, Plaintiff
Pro Se

FILED ___RECEIVED
___ENTERED___SERVED ON
COUNSEL/PARTIES OF RECORD

2015 SEP 23 P 12: 16

# UNITED STATES DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| MICHAEL HARKEY, Plaintiff and Proposed Lead Class Plaintiff for All Nevada Property Owners Similarly Situated, who were deprived of their right to petition the judiciary for redress of grievances by the use of fraudulent recorded documents by the *MERS®*-LPS *RACKETEERING ENTERPRISE* described herein, <br>     Plaintiff, <br><br> vs. <br><br> US BANK, N.A., AS TRUSTEE FOR THE CSMC MORTGAGE-BACKED TRUST 2007-6; CSMC MORTGAGE-BACKED TRUST 2007-6; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORPORATION; DLJ MORTGAGE CAPITAL, INC.; SELECT PORTFOLIO SERVICING, INC.; WELLS FARGO BANK, N.A.; MERSCORP HOLDINGS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUALITY LOAN SERVICE CORPORATION; BLACK KNIGHT FINANCIAL SERVICES, LLC formerly known as LENDER PROCESSING SERVICES, INC.; JESSIE BEWLEY; SHOUA MOUA; CHRISTINA ALLEN; FIDELITY NATIONAL FINANCIAL, INC.L BILL KOCH; KIMBERLY CLARK; VANESSA GONZALES; MICHELLE NGUYEN; SAFEGUARD PROPERITES, LLC; ADAM FENN; EARL BEUTLER; EVE BEUTLER; DOES I-XX and ROE CORPORATIONS I-XX, inclusive. <br>     Defendants. | Case No.: 2:14-cv-00177-RFB-GWF <br><br> **PLAINTIFF'S GENERAL OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS AND REQUEST FOR LEAVE TO SUPPLEMENT RESPONSE WITH ASSISTANCE OF INCOMING COUNSEL** |

Page 1

PLAINTIFF MICHAEL HARKEY HEREBY OFFERS GENERAL OPPOSITION TO THE VARIOUS MOTIONS TO DISMISS FILED BY DEFENDANTS. Plaintiff respectfully requests leave for supplemental response filing, to be submitted by incoming counsel Mitchell Posin on or before October 1st 2015, for a more thorough record and response. This request is due in part to Defendants' concerted avalanche of motions and Plaintiff's desire to be timely and forthright in the interest of judicial economy.

Plaintiff, succinctly, however, would hasten to parry claims and positions contended by Defendant Michelle Nguyen and her representatives who have taken to much dedication in misapprehending Plaintiff's contentions.

First and foremost, the property located at 2220 Village Walk Drive, Unit 3315, Henderson, Nevada 89052, IS NOT the lawful property of anyone other than Plaintiff Michael Harkey, on a wide array of factors well grounded in law:

There has never been a foreclosure undertaken in respect to the property, as Defendant's actions were far and away outside the contours of Nevada's enumerated statutes governing non-judicial foreclosure. See NRS CHAPTER 107 et seq.; rather, a false trustee, that being Nguyen's then-employer, Quality Loan Corporation (QLC), accepted a phony credit bid - BY UNAUTHORIZED, FALSE BENEFICIARY U.S. BANK, N.A., PURPORTEDLY AS TRUSTEE FOR, on information and belief, for a non-existent trust. The actions taken on that day of January 12, 2009, were void not just on the premises described above, but also because such actions occurred in violation of the Automatic Stay that took effect on the very day, when Plaintiff filed his Petition for Bankruptcy protection, see In re: *Hudson*, Bankr. LEXIS 219 (BAP 9th Cir. Jan 14, 2014), and, with reference to ratification, ratification could not be had in this case because the steps leading to the taking of Plaintiff's home involved false documents that were in any event out-of-time assignments and appointments, and because US Bank never

1  ascended to lawful status as valid beneficiary for ratification purposes. Compare *Karon J.*
2  *Nelson et al. v. FIRST HORIZON HOME LOAN CORP.*, 3:11-cv-00562-RCJ-WGC ORDER,
3  July 9, 2012.

4  Nguyen and her counsel seem to suggest that notarization without the presence of the
5  signor is not much over which to ado. This nonchalant minimization of notary misconduct was
6  vigorously rebuked by the Washington Supreme Court in a stinging admonitory against QLC,
7  authored by the late Justice Tom Chambers, wherein Justice Chambers characterized such
8  actions a crime in Washington as well a California (where QLC is headquartered and where the
9  notarial act occurred; the document was perpetrated in Washington), offering this reasoning:

10  [¶ 42] "Quality suggests these falsely notarized documents are immaterial because the
11  owner received the minimum notice required by law. This no-harm, no-foul argument
12  again reveals a misunderstanding of Washington law and the purpose and importance of
13  the notary's acknowledgment under the law. A signed notarization is the ultimate
14  assurance upon which the whole world is entitled to rely that the proper person signed a
15  document on the stated day and place. Local, interstate, and international transactions
16  involving individuals, banks, and corporations proceed smoothly because all may rely
17  upon the sanctity of the notary's seal." (also noting evidence that Quality notaries, in this
18  case, from at least 2004-2007, regularly falsified the date on which documents were
19  signed)  See *Klem vs. WASHINGTON MUTUAL*, 87105-1WA Supreme Court
20  (Feb 28, 2013)
21  "This court does not take lightly the importance of a notary's obligation to verify the
22  signor's identity and the date of signing by having the signature performed in the notary's
23  presence. *Werner v. Werner*, 84 Wash.2d 360, 526 P.2d 370 (1974). As amicus
24  Washington State Bar Association notes, 'The proper functioning of the legal system
25  depends on the honesty of notaries who are entrusted to verify the signing of legally
26  significant documents." Amicus Br. of WSBA at 1. While the legislature has not yet
27  declared that it is a per se unfair or deceptive act for the purposes of the CPA, it is a
28  crime in both Washington and California for a notary to falsely notarize a document."

1   Thus on information and belief Plaintiff stands by his position on all of the Defendants, including Nguyen in her personal capacity as well as her capacity as Employee of Quality Loan, whose activities via its pattern of practices, *ipso facto*, trigger civil and criminal statutes. Moreover, Plaintiff posits that the file on this case is replete with adequate information to soundly defeat Defendant's motions to dismiss, collectively and otherwise. Not a single document filed in the public record, by any of the defendants regarding Plaintiff's home at 2220 Village Walk Drive, Unit 3315, Henderson, Nevada 89052, is either legal or valid; in this regard, Quality was never an authorized trustee, and hence Nguyen was not entitled to designate via notarization U.S. Bank, N.A., as trustee to a trust or any other entity, owner of title to Plaintiff's home, which she did falsely and in violation of law. Nguyen's grievance should be with her co-conspirator/former employer, QLC.

The defense of statute of limitations time bar is misplaced here as well. According to defendants, Plaintiff's claims/causes of action are time-barred to the extent they are based on fraud, which under Nevada's revised statutes carries three years. While there are grounds to justify tolling in this case, Plaintiff need not visit upon this Court such a topic because his discovery of the various crimes and deprivation of due process a/ procedural due process rights and initiation of court action based thereon fall squarely within timelines prescribed under the law. Plaintiff began hearing information on television during the weeks leading to Christmas, 2011, and all the way through 2013. The information entailed, among other things that Lender Processing Services employees Joseph Noel, Tracey Lawrence (now deceased), and others who were said to have falsely notarized and/or forged documents for purposes of foreclosing on homes of Nevada citizens. While Nevada's statute of limitations for fraud-based claims is three years from accrual, a fraud claim does not accrue until the aggrieved party discovers "the facts constituting the fraud." Nev. Rev. Stat. 11.190(3)(d).

Moreover, the last predicate act pertaining to Plaintiff's RICO contentions occurred in October, 2010, when US Bank and whichever entity for which it purports to have acted unjustly enriched themselves when the bank falsely, ie., under false color of entitlement/authority conducted a sham sale of Plaintiff's home at Village Walk Drive to Earl and Eve Beutler and their Beutler Trust. Plaintiff's gravamen position with respect to the events that brought him and Defendants before this Honorable Court is founded ultimately on the Latin Phrase:

*nemo dat qui non habet* "He who hath not cannot give." Black's 4th p. 1189

In this case, Defendants' actions, singularly and in concert, led to the taking, unlawfully, of his home and all of its furnishings including furniture, artwork, bed-sets, appliances, everything down to Plaintiffs socks and underwear. Plaintiff avers that the question of whether the discovery rule tolls the limitations periods as an issue in this case is, alternatively, a fact-based inquiry not suitable for resolution at this dismissal stage, as all allegations are presumed to be true. See, e.g., *Saachi v. MERS*, Case No. CV 11-1658 AHM (CWx) D.C. Cal June 24, 2011.

On a final note, Plaintiff, in respect to the repudiation of the MERS executory contract, at least one court has asserted the inefficacy of a MERS assignment after New Century rejects it during bankruptcy proceedings, *DiLibero v. Mortgage Electronic Registrations Systems Inc.*, et al., Rhode Island Supreme Court, No. 2013-190-Appeal (PC 11-4645), and a respected jurist of this Court has already found in *Hymas v. Deutsche Bank National Trust Company*, No 2:13-cv-01869-RCJ-GWF, December 22, 2014, that MERS could not in any event assign anything on behalf of New Century after July 15, 2008, because New Century was no longer in existence, i.e., it ceased to exist effective July 15, 2008.

Plaintiff's counsel endeavored earnestly and tirelessly to decipher and discern for the Court's enlightenment MERSCORP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and the MERS-System, each of which wears the acronym MERS. The findings are based on trenchant analysis that can withstand the harshest scrutiny, unlike the subjects themselves, whose interspersal of the acronym MERS has spawned undying upheaval and disembowelment of the integrity of our nation's land records, and through whose system self-dealing and fraud prevail as the prominent elements. Cf. In re *Franklin*, Case No. 10-20010 (RDD), January 29, 2015, fn 7, fn 19.

## CONCLUSION

Plaintiff Michael Harkey, for reasons foregoing, and based on the record and files, OPPOSES and RESISTS all motions filed by Defendants.

Dated this 23rd day of September, 2015

*Michael Harkey*
Michael Harkey, Plaintiff Per Se

NOW, THEREFORE,

It is ORDERED

That Plaintiff's incoming counsel Mitchell Posin, shall be permitted to supplement the record in response to the bevy of motions filed by Counsel for Defendants, timeline to be determined by this Court.

Dated: _____ 2015

BY THE COURT:

_____
U.S. District Judge / Magistrate Judge

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing PLAINTIFF'S GENERAL OPPOSTION TO ALL DEFENDANTS' MOTIONS TO DISMISS <u>AND</u> REQUEST FOR LEAVE TO SUPPLEMENT RESPONSE WITH ASSISTANCE OF INCOMING COUNSEL to be presented

1  to the Clerk of the United States District Court for the District of Nevada to be imaged
2  electronically and thereby filed and served on all parties capable of service by CM/ECF on the
3  23rd of September, 2015,

_____
Michael Harkey