UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL HARKEY,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING, *et al.*,

    Defendants.

Case No. 2:14-cv-00177-RFB-GWF

**ORDER ON MOTION FOR SANCTIONS [ECF NO. 411]**

## I. INTRODUCTION

Defendants in this case submitted a Joint Motion for Case-Terminating Sanctions [ECF No. 411], on the basis of Plaintiff's repeated non-compliance with orders from this Court. The Court held an initial hearing on the sanctions motion on February 6, 2017, and held a separate evidentiary hearing related to the motion on March 3, 2017. At the evidentiary hearing, the Court granted the Motion for Sanctions [ECF No. 532]. This order incorporates by reference the findings at the February 6 and March 3 hearings, and represents the Court's written ruling on the Motion for Sanctions.

## II. FACTUAL FINDINGS

The Court makes the following factual findings. Plaintiff filed the instant case on February 3, 2014. [ECF No. 1]. At that time, he was represented by Mitchell Posin. Mr. Posin withdrew as counsel on March 26, 2015, on which date the Court granted Mr. Posin's request to stay the case "until further order of this Court to enable Plaintiff Michael Harkey to attempt to retain new counsel." [ECF No. 233]. In that order, the Court required Plaintiff to "file a status report by May 1, 2015 indicating whether he has retained new counsel or intends to proceed pro se." [ECF No.

233]. No notice was filed by May 1, 2015. Thomas Safford filed an appearance on behalf of Mr. Harkey on May 6, 2015. [ECF No. 235].

On May 29, 2015, the Court issued an Order to Show Cause requiring Mr. Harkey to show cause in writing, no later than June 12, 2015, "why he should not be sanctioned, up to and including dismissal of this case, for failing to comply with the Court's Order of March 26, 2015." [ECF No. 237]. On June 11, 2015, Mr. Stafford responded on behalf of Plaintiff, and contended that his new association with the case caused the delay. The Court did not sanction Harkey at that time.

On July 13, 2015, Mr. Harkey sought to discharge Mr. Stafford as counsel and filed a motion to stay the case while he attempted to "clear the conflict and again retain Mr. Posin." [ECF No. 242]. Mr. Posin failed to enter an appearance. On August 4, 2015, the Court held a hearing on the motion and granted the discharge of Mr. Stafford, and allowed Mr. Harkey to proceed pro se. [ECF No. 253]. At that hearing, the Court specifically instructed Mr. Harkey: "What I am also going to say to you is that the Court at this point is not going to, absent some incredibly compelling circumstance, grant further delays related to representation or not. This case will proceed along the schedule that the Court sets whether you're representing yourself or someone else is representing you… the Court is going to hold you to the schedule that is set in this case and not consider any requests for delay or extension as it related to representation." [ECF No. 295, Transcript, at 19:23-20:10].

On March 10, 2016, the Court held a status hearing on the subject of discovery in this case. At that hearing, the Court ordered parties to confer within two weeks from March 10, 2016, to schedule Plaintiff's deposition, no later than April 24, 2016. The Court further ordered that all written discovery was to be propounded within two weeks of March 10, 2016, with responses due thirty days from the date of request. At this status conference, the Court directly "caution[ed] Plaintiff that failure to comply with future orders of the Court could result in sanctions, up to and including case-dispositive sanctions such as dismissal of his case." [ECF No. 379]. Plaintiff indicated that he understood that case-dispositive sanctions could be imposed for failing to comply with discovery orders of the Court or for failure to engage in meaningful discovery.

On March 23, 2016, Defense counsel jointly sent Plaintiff a notice of deposition for April

14, 2016, and advised Plaintiff that if that date did not work for him, Plaintiff should provide another available date between April 8, 2016 and April 15, 2016. [ECF No. 411-3]. On March 24, 2016, Plaintiff responded, "Your April 14, 2016 date seems agreeable at this point, but I will apprise you with definiteness by Monday, March 28." [ECF No. 411-4]. Plaintiff provided no further response, and on March 30, 2016, Defense counsel emailed Mr. Harkey to confirm his availability on April 14, 2016. [ECF No. 411-5]. On March 30, 2016, Plaintiff emailed Defense counsel stating, "I am uncertain as to what my incoming counsel is advising Me to do, as he will accompany Me to any deposition, and will not be on the case until Thursday or Friday, at which time I will contact You…". [ECF No. 411-5].

On April 1, 2016, having received no confirmation or request for a date change from Plaintiff, Defense counsel advised Plaintiff that the deposition would proceed as noticed on April 14, 2016, and that Plaintiff's counsel's unavailability would not be considered an extraordinary circumstance to warrant rescheduling the deposition. [ECF No. 411-6]. New counsel filed its Notice of Appearance in this case only on May 9, 2016. [ECF No. 402]. Prior to filing this notice, new counsel, Gary Victor Dubin, contacted Defense counsel on April 10, 2016, advising them that he would be representing Mr. Harkey, and that the deposition would need to be rescheduled once he was formally admitted *pro hac vice*, but not providing possible alternative dates for the deposition.

Defense counsel had made travel plans to travel to the deposition based on Mr. Harkey's preliminary agreement to the April 14, 2016 date. Defense counsel responded to Mr. Dubin that the deposition would go forward on April 14, 2016, based on this Court's order on August 4, 2015 that no further delays would be permitted based on Mr. Harkey's retention, or not, of counsel. On April 14, 2016, defense counsel appeared for Plaintiff's deposition, but Plaintiff did not appear. On April 27, 2016, Mr. Dubin filed a Motion to Withdraw his petition to practice *pro hac vice*, and cited a conflict with the client, and this motion was granted on May 2, 2016. [ECF No. 401].

Mr. Harkey has also been non-responsive to written discovery requests. On March 24, 2016, pursuant to the Court's order, Defendants jointly served requests for admission, interrogatories, and requests for production of documents. Defendants have provided proof of

service to Mr. Harkey by both email and mail. The Court finds that Harkey received this correspondence. Plaintiff's responses to the requests were due on April 27, 2016, but no responses were received by any Defendant on April 27, 2016 or thereafter.

Defendant Michelle Nguyen sent ten individual interrogatories and nine requests for admission, which were also served my email and mail to Plaintiff. The Court finds that the Plaintiff received this correspondence. Plaintiff's responses were due on April 27, 2016, but no responses were received. Defendant Old Republic sent eight individual requests for admissions and two requests for production of documents. These were served by email and mail to Plaintiff. The Court finds that the Plaintiff received this correspondence but did not respond. Plaintiff's responses were due on April 27, 2016, but no responses were received. Defendants Quality Loan Services, Gonzales, and McCarthy served individual Requests for Admission on Plaintiff, by both email and mail. No response was received.

On May 9, 2016, a notice of appearance on behalf of Plaintiff was filed by Robert J. Kern, and a petition for permission to practice *pro hac vice* was filed by John William Verant. The petition was granted on May 13, 2016. [ECF No. 405]. Defendants collectively contacted Plaintiff's new counsel, alerting them to the outstanding discovery and deposition issues. Counsel responded that according to Mr. Harkey, he did not receive any written discovery, and that he was never provided with notice of his deposition. Based on the record and the attached exhibits, the Court finds that Harkey did in fact receive both written discovery and the notice of his deposition. Nonetheless, defense counsel provided all of the emails concerning written discovery, as well as the formal Notice of Deposition, to Mr. Verant. Plaintiff never responded to the Defendants' joint written discovery or individual written discovery requests, and did not provide any acceptable dates for his deposition.

At the hearing on March 3, 2017, the Court allowed both Plaintiff and Defendants to clarify the evidentiary record as it pertained to Mr. Harkey's non-compliance with the Court's discovery orders. At this hearing, Defense counsel further represented, and the Court credits the representation, that Mr. Harkey had never provided any initial disclosures over the course of this litigation. Mr. Harkey had also not provided any alternative deposition dates, despite multiple

requests. The only response provided by Mr. Harkey to any discovery requests was a document filed with the Court titled "Good Faith Response to Request for Admissions", filed on October 13, 2016, and alleged to be responses to requests for admissions propounded by Quality Loan Services, McCarthy, Gonzales, and Nguyen. However, Defendants did not deem those responses to be responsive to the requests. Plaintiff also never agreed to any meet and confers with opposing counsel.

At oral argument, Plaintiff's counsel contended that there had been issues with service of the discovery requests to Plaintiff. The Court found these contentions incredible, since Mr. Harkey never indicated an inability to communicate with defense counsel, and since all communications were served to the email address and mailing address which he provided on file with the Court's electronic filing system.

### III.   LEGAL STANDARD

There exists a "well established" principle that "[d]istrict courts have inherent power to control their dockets." Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (internal citations and quotation marks omitted). "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004).

"Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with court discovery orders. In ascending order of harshness, the district court may: require the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strike out portions of pleadings; deem certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss all or part of the action; or render a default judgment against the disobedient party. The choice among the various sanctions rests within the discretion of the district court." U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369 (9th Cir. 1980).

"Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir. 1993). For the options of dismissal or default to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith. The Court may consider the entirety of a litigant's conduct, including prior conduct which has already been subject to sanction, in weighing a sanctions motion. See id. at 947. "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Id. at 948.

## IV.  DISCUSSION

The Court considered the briefs and exhibits submitted by the parties, as well as the testimony provided at the evidentiary hearing, to the extent necessary for resolution of this motion. Based on a finding that Plaintiff's various discovery violations and delays were willful, and a balancing of the Ninth Circuit's five-factor test, the Court finds that it is appropriate to grant Defendants' joint Motion for Sanctions, and to terminate this case with prejudice.

The public's interest in expeditious resolution of litigation favors dismissal. This case has been pending for over two years, without Plaintiff serving any initial disclosures or discovery responses on Defendants, nor scheduling any depositions. Plaintiff also willfully failed to attend his scheduled deposition, and was non-responsive to Defendants' attempts to reschedule it. The length of the delay here weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (finding that the first factor weighed in favor of dismissal when a litigant failed to pursue their case for almost four months).

The Court's need to manage its docket also weighs in favor of dismissal. Two years and over five hundred docket entries into this case, Plaintiff has still not meaningfully engaged in the discovery process, and has repeatedly refused to comply with the Court's explicit orders. Plaintiff violated the Court's March 26, 2015 order to file a status report with the Court as to whether he

had retained counsel or would be proceeding pro se. Plaintiff violated the Court's August 4, 2015 instructions that the retention of counsel would not be permitted as an excuse for further discovery delays, repeatedly proffering his issues related to counsel as his excuse for non-compliance with discovery orders. Plaintiff also violated the Court's March 10, 2016 orders setting final deadlines for compliance with discovery requests, and depositions. Plaintiff's repeated failures to comply with the Court's orders have resulted in excessive delays and unnecessary hearings, consuming the Court's time which could have been devoted to other cases on the docket which were being diligently litigated.

In determining whether prejudice to Defendants has occurred, the Ninth Circuit has instructed an "examin[ation of] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). The inability of Defendants to obtain initial disclosures, responses to discovery requests, and Plaintiff's deposition, certainly impairs their ability to go to trial. Furthermore, while "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted", "unreasonable delay creates a presumption of injury". Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (internal citations and quotation marks omitted). Plaintiff's only excuse has been the changes in his representation, which the Court explicitly warned him, on August 4, 2015, would no longer be permitted as an excuse for non-responsiveness to discovery obligations. Furthermore, the Court does not find Plaintiff's representations to be credible, based on his misrepresentation to this Court that he was not receiving emails which were sent to the email address he provided, on file with the Court's electronic docketing system.

The Court finds that less drastic alternatives would not be effective in this case. The Court has repeatedly and explicitly warned Harkey regarding sanctions, including and up to case dispositive sanctions, for non-compliance with the Court's various discovery orders.  [ECF Nos. 237, 379] and Plaintiff has still violated those orders.  The Court also finds that Harkey has made misrepresentations to defense counsel and this Court.  He has indicated that he did not receive material which the Court finds he did receive.  He has engaged in strategic delay regarding filings

and retention of counsel to intentionally and improperly prolong this litigation. The Court finds that he has no intention of engaging in meaningful discovery despite his representations to the Court to the contrary. Therefore, the Court finds that this factor weighs in favor of dismissal.

Public policy favors disposition of cases on the merits, and thus this factor weighs against dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, this factor only weighs slightly against dismissal because Harkey himself has evinced no intention of having his case actually decided on the merits. He has avoided substantive discovery on the merits of his claims.

Finding that four out of the five factors weigh in favor of dismissal, the Court grants the Defendants' Joint Motion for Terminating Sanctions and dismisses Plaintiffs' claims with prejudice.

### V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Terminating Sanctions, ECF No. 411, is GRANTED. All of Plaintiffs' claims are dismissed with prejudice.

DATED: July 5, 2017

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**