UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL HARKEY,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING, *et al.*,

    Defendants.

Case No. 2:14-cv-00177-RFB-GWF

**ORDER ON JOINT MOTION FOR ATTORNEY'S FEES AS SANCTION [ECF NO. 537]**

## I. INTRODUCTION

On March 31, 2017, Defendants in this case submitted a Joint Motion for Attorney's Fees as Sanction [ECF No. 537], on the basis of Plaintiff's non-compliance with discovery-related orders.[1] On July 6, 2017, the Court granted Defendants' Joint Motion for Terminating Sanctions [ECF No. 411] and found that Plaintiff repeatedly failed to follow this Court's orders throughout the pendency of this litigation. [ECF No. 568]. This order now follows.

## II. FACTUAL FINDINGS

The Court makes the following factual findings.[2] Plaintiff Michael Harkey ("Plaintiff" or "Mr. Harkey") filed the instant case on February 3, 2014. [ECF No. 1]. At that time, he was represented by Mitchell Posin. Mr. Posin withdrew as counsel on March 26, 2015, on which date the Court granted Mr. Posin's request to stay the case "until further order of this Court to enable Plaintiff Michael Harkey to attempt to retain new counsel." [ECF No. 233].

---

[1] Defendant Safeguard Properties, LLC and Defendants MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") filed Joinders to the motion the same day it was filed. [ECF Nos. 538, 539].

[2] The Court notes that the factual findings made with respect to the instant motion are nearly identical to the findings set forth in its prior order

Attorney Thomas Safford filed an appearance on behalf of Mr. Harkey on May 6, 2015. [ECF No. 235]. On July 13, 2015, Mr. Harkey sought to discharge Mr. Stafford as counsel and filed a motion to stay the case while he attempted to "clear the conflict and again retain Mr. Posin." [ECF No. 242]. Mr. Posin failed to enter an appearance. On August 4, 2015, the Court held a hearing on the motion to stay and granted the discharge of Mr. Stafford, and allowed Plaintiff to proceed *pro se*. [ECF No. 253]. At that hearing, the Court specifically instructed Mr. Harkey: "What I am also going to say to you is that the Court at this point is not going to, absent some incredibly compelling circumstance, grant further delays related to representation or not. This case will proceed along the schedule that the Court sets whether you're representing yourself or someone else is representing you . . . the Court is going to hold you to the schedule that is set in this case and not consider any requests for delay or extension as it relates to representation." [ECF No. 295, Transcript, at 19-20].

Plaintiff and Defendants filed separate proposed discovery plans on August 18, 2015. [ECF Nos. 258, 261]. The initial Scheduling Order was entered by Magistrate Judge George Foley on August 31, 2015. [ECF No. 285]. A hearing on various motions, including a Motion to Dismiss, was set for February 11, 2016; however, mail sent to Plaintiff was returned as undeliverable on February 5, 2016 [ECF No. 343], and the hearing was continued to February 25, 2016 [ECF No. 349]. In the order resetting the hearing, the Court ordered Plaintiff to update his mailing address on CM/ECF and also to provide his email address. [ECF No. 349]. At the February 25, 2016 hearing, the Court ordered the parties to file proposed discovery plans by March 7, 2016, specifying the discovery sought, and to provide courtesy copies of those plans to one another by the same date. [ECF No. 357]. The Court also set a status conference for March 10, 2016. [ECF No. 357].

At the March 10, 2016 status hearing, the Court ordered parties to confer on discovery within two weeks from March 10, 2016, including the date for Plaintiff's deposition, and ordered that the deposition be taken within 45 days of the hearing. [ECF No. 437 at 14]. The Court further ordered that all written discovery was to be propounded within two weeks of March 10, 2016, with responses due thirty days from the date of request. [ECF No. 437 at 15]. At this status conference,

the Court directly "caution[ed] Plaintiff that failure to comply with future orders of the Court could result in sanctions, up to and including case-dispositive sanctions such as dismissal of his case." [ECF No. 379]. Plaintiff indicated that he understood that case-dispositive sanctions could be imposed for failing to comply with discovery orders of the Court or for failure to engage in meaningful discovery.

On March 23, 2016, defense counsel jointly sent Plaintiff a notice of deposition for April 14, 2016, and advised Plaintiff that if that date did not work for him, Plaintiff should provide another available date between April 8, 2016 and April 15, 2016. [ECF No. 411-3 at 69-78]. On March 24, 2016, Plaintiff responded, "Your April 14, 2016 date seems agreeable at this point, but I will apprise you with definiteness by Monday, March 28." [ECF No. 411-3 at 80]. On March 29, 2016, defense counsel emailed Mr. Harkey to confirm his availability on April 14, 2016. [ECF No. 411-3 at 85-86]. On March 30, 2016, Plaintiff emailed Defense counsel stating, "I am uncertain as to what my incoming counsel is advising Me to do, as he will accompany Me to any deposition, and will not be on the case until Thursday or Friday, at which time I will contact You . . . ." [ECF No. 411-3 at 85].

On April 1, 2016, having received no confirmation or request for a date change from Plaintiff, Defense counsel advised Plaintiff that the deposition would proceed as noticed on April 14, 2016, and that Plaintiff's counsel's unavailability would not be considered an extraordinary circumstance to warrant rescheduling the deposition. [ECF No. 411-3 at 90-91]. According to Defendants, Plaintiff's attorney at the time, Gary Victor Dubin, contacted defense counsel on April 10, 2016, advising them that he would be representing Mr. Harkey, and that the deposition would need to be rescheduled once he was formally admitted *pro hac vice*, but not providing possible alternative dates for the deposition.

Defense counsel made travel plans to travel to the deposition based on Plaintiff's preliminary agreement to the April 14, 2016 date. Defense counsel responded to Mr. Dubin that the deposition would go forward on April 14, 2016, based on this Court's order on August 4, 2015 that no further delays would be permitted based on Mr. Harkey's retention, or not, of counsel. On April 14, 2016, defense counsel appeared for Plaintiff's deposition, but Plaintiff did not appear.

On April 27, 2016, Mr. Dubin filed a Motion to Withdraw his petition to practice *pro hac vice*, and cited a conflict with the client, and this motion was granted on May 2, 2016. [ECF No. 401].

Plaintiff has also been non-responsive to written discovery requests. On March 24, 2016, pursuant to the Court's order, Defendants jointly served requests for admission, interrogatories, and requests for production of documents. Defendants have provided proof of service to Plaintiff by both email and mail. The Court finds that Plaintiff received this correspondence. Plaintiff's responses to the requests were due on April 27, 2016, but no responses were received by any Defendant on April 27, 2016 or thereafter.

Defendant Michelle Nguyen sent ten individual interrogatories and nine requests for admission, which were also served by email and mail to Plaintiff. The Court finds that the Plaintiff received this correspondence. Plaintiff's responses were due on April 27, 2016, but no responses were received. Defendant Old Republic sent eight individual requests for admissions and two requests for production of documents. These were served by email and mail to Plaintiff. The Court finds that the Plaintiff received this correspondence but did not respond. Plaintiff's responses were due on April 27, 2016, but no responses were received. Defendants Quality Loan Services, Gonzales, and McCarthy served individual Requests for Admission on Plaintiff, by both email and mail. No response was received.

On May 9, 2016, a notice of appearance on behalf of Plaintiff was filed by Robert J. Kern, and a petition for permission to practice *pro hac vice* was filed by John William Verant. [ECF Nos. 402, 403]. Verant's petition was granted on May 13, 2016. [ECF No. 405]. Defendants collectively contacted Plaintiff's new counsel, alerting them to the outstanding discovery and deposition issues. Counsel responded that according to Plaintiff, he did not receive any written discovery, and that he was never provided with notice of his deposition. Based on the record and the attached exhibits, the Court finds that Mr. Harkey did in fact receive both written discovery and the notice of his deposition. Nonetheless, defense counsel provided all of the emails concerning written discovery, as well as the formal Notice of Deposition, to Mr. Verant. Plaintiff never responded to the Defendants' joint written discovery or individual written discovery requests, and did not provide any acceptable dates for his deposition.

At the hearing on March 3, 2017, the Court allowed both Plaintiff and Defendants to clarify the evidentiary record as it pertained to Plaintiff's non-compliance with the Court's discovery orders. This opportunity to clarify the record included the ability for Plaintiff to challenge any potential sanctions, including awards for attorney's fees and costs. At this hearing, defense counsel further represented, and the Court credits the representation based upon the record, that Plaintiff had never provided any initial disclosures over the course of this litigation. Plaintiff had also not provided any alternative deposition dates, despite multiple requests. The only response provided by Plaintiff to any discovery requests was a document filed with the Court titled "Good Faith Response to Request for Admissions", filed on October 13, 2016, and alleged to be responses to requests for admissions propounded by Quality Loan Services, McCarthy, Gonzales, and Nguyen. However, Defendants did not deem those responses to be responsive to the requests. Plaintiff also never agreed to any meet and confers with opposing counsel.

At oral argument, Plaintiff's counsel contended that there had been issues with service of the discovery requests to Plaintiff. The Court found these contentions incredible, since Plaintiff never indicated an inability to communicate with defense counsel, and since all communications were served to the email address and mailing address which he provided on file with the Court's electronic filing system.

### III. LEGAL STANDARD

There exists a "well established" principle that "[d]istrict courts have inherent power to control their dockets." Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (citations and quotation marks omitted). "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (citations and quotation marks omitted). The Court's inherent power includes the ability to award attorney's fees for bad faith either in the plaintiff's filing of a complaint, or in the conduct of the litigation. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 766 (1980) (citations omitted). The court may sanction the litigation conduct of both a party and its counsel. Id.

1 A party may obtain an award for attorney's fees and costs under several federal provisions. Pursuant to Federal Rule of Civil Procedure 37(a)(5), the court must award attorney's fees to a party prevailing on a motion to compel, barring certain exceptions. Further, "[r]ule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with court discovery orders. In ascending order of harshness, the district court may: require the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strike out portions of pleadings; deem certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss all or part of the action; or render a default judgment against the disobedient party. The choice among the various sanctions rests within the discretion of the district court." U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369 (9th Cir. 1980). When a party fails to attend its own deposition or serve responses to interrogatories, the court is authorized to impose reasonable expenses, including attorney's fees, against the party, its attorney, or both. Fed. R. Civ. P. 37(d); see also Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."). A court may impose attorney's fees and costs as provided by Rule 37(b)(2) if a party fails to appear, or is unprepared to appear, at a scheduling conference, or if a party fails to obey scheduling orders or other orders issued pretrial. Fed. R. Civ. P. 16(f). Additionally, 28 U.S.C. § 1927 provides a basis for a prevailing party to recoup attorney's fees, costs, and expenses from a lawyer that "unreasonably and vexatiously" multiplies the proceedings in a manner that increases those amounts.

**IV. DISCUSSION**

The Court has considered the briefs submitted by the parties, as well as the testimony provided at the March 3, 2017 evidentiary hearing, to the extent necessary for resolution of this motion. The Court finds that that an award of attorney's fees against Plaintiff is warranted, based upon Plaintiff's discovery-related misconduct beginning at the time Plaintiff failed to respond to

written discovery as ordered by the Court on March 10, 2016. The Court will discuss the multiple bases for the award.

An award of fees and costs is proper under Federal Rule of Civil Procedure 37(a)(5). The Court finds that Plaintiff's conduct necessitated the Court's intervention; despite the Court's admonitions and orders, Plaintiff failed to respond to requests for written discovery. The Court finds that defense counsel made good faith attempts to meet and confer with Plaintiff to obtain discovery prior to the filing of its motion. The Court further finds that Plaintiff's failure to respond was not substantially justified, and in fact was a direct violation of the Court's explicit guidance on March 10, 2016. Plaintiff indicated that day that he understood the Court's directions, and nonetheless failed to follow those directions. There is no other circumstance that would make an award under this Rule unjust; therefore, Plaintiff is ordered to pay Defendants' reasonable expenses incurred in making the motion for sanctions, alternatively styled as a motion to compel, which includes attorney's fees.

The Court also awards fees and costs pursuant to Federal Rule of Civil Procedure 37(b)(2). Throughout the pendency of the action, Plaintiff has flagrantly violated the Court's discovery orders, and engaged in misconduct including, but not limited to, failure to make initial disclosures, failure to attend his deposition or provide a date for rescheduling the deposition, and failure to respond to written discovery. This willful conduct merits the imposition of sanctions; the Court has previously found good cause to dismiss Plaintiff's claims, and now finds that an award of attorney's fees and costs is also warranted. Again, Plaintiff has no substantial justification for this conduct, nor are there other circumstances that would render an award of fees and costs unjust. Therefore, in addition to the fees discussed above, Plaintiff is ordered to pay the reasonable expenses incurred in his failure to attend his deposition and failure to provide discovery responses and disclosures. The Court additionally finds that Federal Rule of Civil Procedure 16(f) provides an alternative basis for the award of fees incurred in the context of Plaintiff's failure to obey this Court's discovery-related orders, and Federal Rules of Civil Procedure 30(d) and 37(d) provide alternative grounds for the award of expenses incurred in the context of Plaintiff's failure to attend his deposition as well as respond to interrogatories.

The Court also finds that it may exercise its inherent power to award attorney's fees, given Plaintiff's consistent and pervasive bad faith conduct during the litigation. Despite repeated requests from opposing counsel, and orders from the Court, Plaintiff failed to engage in required discovery at nearly all stages of the case. His continued disregard of the Court's orders led to verbal admonitions, which he stated he understood yet continued to flout. He also made misrepresentations to the Court about not receiving emails at the address he provided to the Court. The same bad faith conduct that motivated the Court to impose the harsh sanction of dismissal is the same conduct that warrants the award of fees and costs against Plaintiff.

The Court notes that it is not persuaded by Plaintiff's Response to the motion. With regard to the issue of the pending bankruptcy, the Court finds that the party that filed the bankruptcy is not a party to the instant litigation, and therefore Plaintiff's arguments are irrelevant to the issues discussed herein. The Court also finds that Plaintiff's due process argument fails. Plaintiff raises the issue of not having a hearing on the issue of attorney's fees. However, the March 3, 2017 evidentiary hearing was Plaintiff's opportunity to respond to Defendants' requests for sanctions, including potential attorney's fees and costs. As the factual findings made in the context of the motion for termination sanctions are nearly identical to the findings set forth in this order, Plaintiff's due process argument is unsound.

The Court does not find a sound basis to impose fees and costs against Plaintiff's counsel, neither under the Federal Rules discussed above nor under 28 U.S.C. § 1927 or the Court's inherent powers. Having reviewed the record, the Court does not find that the evidence proffered is sufficient to establish liability against Plaintiff's current attorneys. The Court does not find that it can determine if counsel engaged in conduct that could be considered unreasonable or vexatious, as the source of delay in large part appears to have resulted from the conduct of Plaintiff himself.

Finally, the Court finds that Plaintiff does not dispute the reasonableness of the attorney's fees in his Response. The Court has reviewed the exhibits attached to the motion and joinders and finds that the discovery-related amounts requested are reasonable. However, the Court declines to impose fees and costs dating back to the inception of the litigation. Therefore, those parties that

requested fees "since inception" are directed to resubmit their requests for fees, and limit those requests to the fees incurred in the context of discovery.

## V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Attorney's Fees as Sanctions, (ECF No. 537), is GRANTED.

**IT IS FURTHER ORDERED** that $36, 464.50 in discovery-related fees are awarded to Defendant Michelle Nguyen.

**IT IS FURTHER ORDERED** that $7,937.50 in discovery-related fees are awarded to Quality Loan Service Corp., Kevin McCarthy, and Vanessa Rodriguez ("Quality Defendants").

**IT IS FURTHER ORDERED** that $16,875.50 in discovery-related fees are awarded to Fidelity National Financial, Inc., Black Knight Financial Services LLC, Earl Beutler, Christina (Allen) Schwarting, and Shoua Moua ("Fidelity Defendants").

**IT IS FURTHER ORDERED** that $62,485.80 in discovery-related fees are awarded to MERSCORP Holdings, Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "MERS Defendants").

**IT IS FURTHER ORDERED** that SPS Defendants and Defendant Safeguard Properties, LLC file revised requests for attorney's fees with proposed amounts of fees incurred only in the context of discovery, within **fourteen (14) days** of the date of entry of this order.

DATED: April 29, 2018.

**RICHARD F. BOULWARE, II**
**United States District Judge**