UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL HARKEY,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING, *et al.*,

    Defendants.

Case No. 2:14-cv-00177-RFB-GWF

**ORDER**

## I. INTRODUCTION

Before the Court are two Motions for Attorneys' Fees [ECF Nos. 577 and 578] and Plaintiff's Motion to Set Aside [ECF No. 581] and Plaintiff's Amended Motion to Set Aside [ECF No. 591]. The Court grants the Motions for Attorneys' fees and denies both of Plaintiff's motions.

## II. MOTIONS FOR ATTORNEYS' FEES

The Court briefly summarizes the relevant procedural history for these two motions. On September 13, 2016, Defendants filed a Joint Motion for Terminating Sanctions [ECF No. 411]. On March 10, 2017 the Court entered an Order [ECF No. 532] granting Defendants' Joint Motion for Terminating Sanctions and dismissed all of the Plaintiff's claims with prejudice. Defendants' Joint Motion for Attorneys' Fees [ECF No. 537] was filed on March 31, 2017. Defendant Safeguard joined this Motion on the same day. On April 29, 2018, the Court issued an order [ECF No. 576] granting in part and denying in part this Motion and directed Safeguard and the SPS Defendants to file revised requests for attorneys' fees incurred only in the context of discovery.

The Court now grants the instant revised motions for attorneys' fees. The Court incorporates by reference its previous rulings and findings, including its April 2018 Order [ECF No. 576], and based upon its previous findings further finds that an award of attorneys' fees is

appropriate. The SPS Defendants and Defendant Safeguard have resubmitted motions consistent with this Court's April 2018 Order. The Court has reviewed the revised requests and finds the requests to be reasonable based upon the amount of work performed, the discovery misconduct of the Plaintiff, the number of filings and the quality of the work performed. An award of fees and costs is proper under Federal Rule of Civil Procedure 37(a)(5) and Federal Rule of Civil Procedure 37(b)(2) for the reasons previously noted by the Court in its April 2018 Order.

### III. MOTIONS TO SET ASIDE

Plaintiff has filed two motions for this Court to set aside its April 2018 Order awarding fees in this case. The Court construes both of these motions as motions for reconsideration under Rule 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)(citations omitted). The Court finds no legal basis for reconsidering its prior decisions. The Court finds that the Plaintiff has not brought forth any new evidence or identified any errors by this Court. The Court found and finds that the awards of attorneys' fees and costs to be sufficiently established by the submissions of the Defendants in this case.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motions for Attorney's Fees [ECF No. 577 and 578] are GRANTED. Defendant Safeguard is awarded $8,921.40 in discovery-related fees. The SPS Defendants are awarded $6,681.00 in attorneys' fees and costs related to discovery.

**IT IS FURTHER ORDERED** that the Motion to Set Aside [ECF No. 581] and the Amended Motion to Set Aside [ECF No. 591] are DENIED.

**IT IS FURTHER ORDERED** that the Motions to Extend Time [ECF Nos. 593 and 594] are GRANTED.

DATED: February 27, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**